**UNITED STATES TRUSTEE, Appellant,**

v.

**Robert G. JOHNSTON, Appellee.**

No. 4:92CV82–S.

United States District Court,
N.D. Mississippi,
Greenville Division.

Dec. 11, 1995.

Michael Bolen, Office of U.S. Trustee, Jackson, MS, for Appellant.

Robert G. Johnston, Cleveland, MS, pro se.

### OPINION

SENTER, Chief Judge.

This bankruptcy matter is before the court on appeal from an order of the United States Bankruptcy Court for the Northern District of Mississippi denying the trustee's motion for summary judgment in an adversary proceeding. Having heard oral argument and having carefully considered the memoranda and the applicable case law and statutes, the court is prepared to issue its final ruling.

### BACKGROUND

This cause began as a Chapter 11 proceeding in the bankruptcy court in June, 1984.

---

*See In re T.C. Wood, Jr.*, No. 84–40127 (Bankr.N.D.Miss. June, 1984). Approximately five years later, the bankruptcy court granted the request of the debtor's attorney, Honorable Robert G. Johnston, for an award of interim fees and expenses in the amount of $11,063.12. This compensation was for "all services rendered and expenses incurred up through and including May 16, 1989," and the total sum was "adjudged to be administrative expenses and ... to be entitled to priority under 11 U.S.C. § 503(b)(2) and 11 U.S.C. § 330(a)." No plan of reorganization was ever confirmed.

In January, 1991, the case was converted to a Chapter 7 proceeding upon the motion of the United States Trustee. Approximately seven months later, the trustee filed an adversary proceeding requesting the recovery of the interim compensation paid to Johnston. *See United States Trustee v. Johnston*, No. 91–1230 (Bankr.N.D.Miss. Aug. 1991). Specifically, the trustee asked the bankruptcy court to order a disgorgement of the funds previously paid to Johnston to recover an amount sufficient to satisfy all claims that were higher in priority than Johnston's which, according to the trustee, would include all fees due the trustee, totaling at that time approximately $900.00. The trustee moved for summary judgment, which the court denied, finding that the award was not an administrative expense claim under 11 U.S.C. § 726(b). The court reasoned that the award was no longer a claim, as that word is defined in 11 U.S.C. § 101(5), since it had been paid in full. As this was a ruling based entirely on a matter of law, the court dismissed the adversary proceeding with prejudice, and the instant appeal to this court ensued.

## DISCUSSION

As previously noted, the bankruptcy court based its decision to deny the disgorgement of the fees awarded to Johnston before conversion to Chapter 7 on the definition of the word "claim," which, according to the statute, is a "right to payment." 11 U.S.C. § 101(5). Because the award had already been made, it was, in the eyes of the bankruptcy court, no longer a "right to payment," and therefore not a claim. Under those circumstances, the statutory priorities of § 726(b), which gives priority to claims for administrative expenses allowed after conversion over those allowed

before conversion, would be of no consequence.

Since the bankruptcy court first issued its decision, several other courts have addressed the precise issue now at hand, i.e., whether an attorney paid during the course of a Chapter 11 proceeding can be ordered to disgorge that award after conversion to Chapter 7 to satisfy outstanding administrative expenses incurred during the Chapter 7 proceeding. Those courts have uniformly concluded that orders granting interim compensation "are not final orders and are subject to re-examination and adjustment during the course of the case." *Guinee v. Toombs (In re Kearing)*, 170 B.R. 1, 7 (Bankr.D.D.C. 1994). A court therefore has "the power to order the disgorgement of professional fees paid pursuant to orders granting interim compensation under section 331, in order to carry out the provisions of section 726(b)...." *Kearing*, 170 B.R. at 7. *See also Shaia v. Durrette, Irvin, Lemons & Bradshaw, P.C. (In re Metropolitan Electric Supply Corp.)*, 185 B.R. 505 (Bankr.E.D.Va. 1995); *In re Lochmiller Industries, Inc.*, 178 B.R. 241 (Bankr.S.D.Cal.1995). Each of these courts has recognized the apparent harshness of this conclusion but has nevertheless found that

> [p]rofessionals seeking compensation from the bankruptcy estate do so at the risk that the estate will not have sufficient funds to satisfy their claims. To hold otherwise would be to ignore the plain language of § 726(b) and to unjustly award certain administrative claims of professionals a "superpriority" status that is not mandated by the Code.

*Kearing*, 170 B.R. at 7–8.

After carefully considering the opinions of the *Kearing, Lochmiller,* and *Metropolitan* courts, this court must agree with their reasoning and their interpretations of the pertinent statutes and reverse the summary judgment ruling of the bankruptcy court and remand for further proceedings. An award of *interim* attorney's fees is plainly authorized by 11 U.S.C. § 331, which allows an attorney to "apply for, and the court [to] approve, compensation and reimbursement during the case, instead of being required to

wait until the end of the case, which in some instances, may be years." H.R.Rep. 595, 95th Cong., 2d Sess., *reprinted in* 1978 U.S.C.C.A.N. 5963, 6287. However, as an interim award, it is not final and is therefore reviewable at any time before the case is ultimately closed. Under those circumstances, Johnston, who clearly moved for an award of *interim* fees before the conclusion of the subject bankruptcy proceeding, can be ordered to disgorge a portion of the interim fee award which is sufficient to "carry out the provisions of section 726(b)." *Kearing,* 170 B.R. at 7.

The court reaches these conclusions as a matter of law. Whether, under the facts of this case, the trustee is entitled to the disgorgement is a separate issue and one not addressed by the bankruptcy court, given its disposition of the disgorgement issue. This court believes, however, that the bankruptcy court is in the better position to determine such matters and therefore gives that court the first opportunity to address the issue in light of the instant ruling.